SCHWAHN and another, Appellants, vs. THE MICHIGAN FIRE & MARINE INSURANCE COMPANY, Respondent.

*November 16 — December 11, 1894.*

*Insurance against fire: Oral contract to renew policy: Pleading.*

Where a complaint states facts sufficient to constitute a cause of action for breach of an oral contract to renew a policy of insurance, a statement therein that defendant's agent, after making such contract, and before the loss, told plaintiffs that the policy had been renewed, is irrelevant. It is not an averment that the policy was in fact renewed, and does not render the complaint insufficient on the ground that it fails to allege performance of conditions precedent prescribed in the policy.

APPEAL from an order of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

This is an action to recover damages for the breach of a contract to renew a policy of insurance. There was a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. From an order sustaining the demurrer the plaintiffs appeal.

For the appellants there was a brief by *C. T. Bundy,* attorney, and *T. F. Frawley,* of counsel, and oral argument by *Mr. Bundy.* They argued, among other things, that the allegation that the agent informed plaintiff that his policy had been renewed is not an allegation that it was renewed. *Stadler v. Trever,* 86 Wis. 43; *Wiebeler v. Milwau-*

*kee M. M. Ins. Co.* 30 Minn. 464. And such allegation is immaterial and does not make the complaint demurrable. 1 Chitty, Pl. 230; Maxwell, Code Pl. 261; Abbott, Brief on Pl. § 336; *Stadler v. Trever,* 86 Wis. 43; *Idaho F. Co. v. Fireman's F. Ins. Co.* 17 L. R. A. 586; *Rogers v. Milwaukee,* 13 Wis. 610.

For the respondent there was a brief by *F. M. Miner,* attorney, and *J. C. Gores,* of counsel, and the cause was argued orally by *Mr. Gores.* They contended, *inter alia,* that the policy had been extended by renewal, and that the action should be on the policy in connection with the contract of renewal, and a compliance with the conditions precedent in the policy must be shown. The mere fact that no policy, certificate, or other evidence of renewal was delivered, showing that the policy had been extended for another year, does not change the actual contract made. The words of the agent that the policy had been renewed and that he would deliver a written evidence of that fact in a few days, certainly made the contract one of insurance, and not for insurance merely. *Zell v. Herman F. M. Ins. Co.* 75 Wis. 521; *Scott v. Home Ins. Co.* 53 id. 238; 1 Wood, Ins. (2d ed.), § 139; *Westchester F. Ins. Co. v. Earle,* 33 Mich. 152.

NEWMAN, J. The complaint states, in substance, that the plaintiffs are copartners, engaged in the saddlery and harness business; that the defendant is an insurance company; that the plaintiffs had a policy from defendant, insuring their stock; that the policy was about to expire; that the defendant agreed to renew the policy, and accepted a premium for the renewal; that it did not renew it; that before the time of such renewal, if made as agreed, would have expired, the plaintiffs' stock was destroyed by fire. That seems to embody all the issuable facts necessary to entitle the plaintiffs to recover.

The contention arises over another fact which is stated in

the complaint. That is, the complaint states that the defendant's agent, through whom the renewal agreement had been made, afterwards, and before the loss, told the plaintiffs that the policy had been renewed. Of course, if the policy had been renewed, the complaint was defective for not showing the performance of conditions of the policy precedent to a right of recovery by the plaintiffs. But, clearly, what the agent may have said about the renewal at that time was not a material issuable fact. It determines nothing. It may or may not be binding on the defendant as an admission. As an admission it is only evidence. As matter of pleading it is entirely irrelevant. It may be both competent and material as evidence to show that the policy was in fact renewed, if issue shall be joined upon that fact. *Scott v. Home Ins. Co.* 53 Wis. 238. But as pleading it is entirely immaterial and would have been struck out on motion. No issue can be taken on it. It is not even admitted by the demurrer; for only issuable immaterial facts which are well pleaded are admitted by a demurrer. Van Santv. Pl. (3d ed.), 783. So it is held that the complaint states facts which constitute a cause of action. It was error to sustain the demurrer.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.